1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WAYNE GIBBONS,

                              Plaintiff,

          v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, CLALLAM BAY
CORRECTIONS CENTER, THURSTON
COUNTY SUPERIOR COURT,
THURSTON COUNTY CLERKS OFFICE,
THURSTON COUNTY OFFICE OF
ASSIGNED COUNSEL, BETTY J. GOULD,
ROBERT JIMMERSON, JOHN TUNHEIM,
DAN PACHOLKE, THURSTON COUNTY
PROSECUTORS OFFICE,

                              Defendants.

No. C12-5819 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in

forma pauperis*.  Presently before the Court for review is Plaintiff's proposed civil rights

complaint.  ECF No. 7.  The Court will not direct service of Plaintiff's complaint at this time

because it is deficient, as is explained in further detail below.  However, Plaintiff will be given

an opportunity to explain who his complaint should not be dismissed or, alternatively, to submit

an amended complaint for the Court's review.

**DISCUSSION**

        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

ORDER TO AMEND OR SHOW CAUSE- 1

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

ORDER TO AMEND OR SHOW CAUSE- 2

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is presently incarcerated at the Coyote Ridge Corrections Center.  His complaint, however, is related to an incarceration he served at the Clallam Bay Corrections Center from February 2010 to February 18, 2011, pursuant to a judgment and sentence for taking a motor vehicle without permission.  ECF No. 7, at 4.  He alleges that he moved to amend his judgment and sentence after discovery that a mistake had been made in calculating his violation scores. His motion was granted, his release date dramatically reduced, and his release date was set for September 21, 2010.  However, he received no notice of the judgment until February 27, 2011. Although he requested a copy, the Clerk refused to provide him with a copy of the revised judgment unless he paid for a copy.  He alleges that he was not released from Clallam Bay Corrections Center until February 18, 2011, 150 days after the new release date.  *Id.*

Plaintiff names the Washington Department of Corrections, Clallam Bay Corrections Center, Thurston County Superior Court, Thurston County Clerks Office, Thurston County Office of Assigned Counsel, Betty J. Gould, Robert Jimmerson, John Tunheim, Dan Pacholke, and the Thurston County Prosecutors' Office as Defendants.

ORDER TO AMEND OR SHOW CAUSE- 3

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Whether Plaintiff suffered a constitutional deprivation by being incarcerated beyond the termination of his sentence is critical to the Court's determination of whether state defendants are liable under § 1983.  In the case of *Sample v. Diecks,* 885 F.2d 1099 (3d Cir. 1989), the Third Circuit outlined the elements of a § 1983 claim in this context:

> [A] plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted.  Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight.  Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

885 F.2d at 1110.

Plaintiff must name individual state defendants who had knowledge of his concern that his sentence had been miscalculated.  He must allege what action or inaction by each *individually* named defendant caused his unjustified detention.  Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law.  A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and

ORDER TO AMEND OR SHOW CAUSE- 4

municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Entities such as the Washington State Department of Corrections, Clallam Bay Corrections Center, Thurston County Superior Court, Thurston County Clerks Office, Thurston County Office of Assigned Counsel, and the Thurston County Prosecutors' Office are not "persons" for purposes of a section 1983 civil rights action.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 2, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint shall operate as a complete substitute to the present complaint. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a

ORDER TO AMEND OR SHOW CAUSE- 5

copy, it may not incorporate any part of the original complaint by reference, and it must be

clearly labeled the "Amended Complaint" and must contain the same cause number as this case.

Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation

pages as needed but may not attach a separate document that purports to be his amended

complaint.  **Plaintiff is advised that he should make a short and plain statement of claims**

**against the defendants.  He may do so by listing his complaints in separately numbered**

**paragraphs.  He should include facts explaining how each defendant was involved in the**

**denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual

allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will

not authorize service of the amended complaint on any Defendant who is not specifically linked

to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

that if the amended complaint is not timely filed or if he fails to adequately address the issues

raised herein on or before **November 2, 2012**, the Court will recommend dismissal of this action

as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28

U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

brings three or more civil actions or appeals which are dismissed on grounds they are legally

frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious

physical injury."  28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 6

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  9th   day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7