1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WAYNE GIBBONS,<br><br>                              Plaintiff,<br>        v.<br><br>BETTY J. GOULD, ROBERT JIMMERSON,<br>JON TUNHEIM, GARY TABOR,<br><br>                              Defendants. | No. C12-5819 BHS/KLS<br><br>SECOND ORDER TO AMEND OR SHOW<br>CAUSE |

Before the Court for review is Plaintiff's Amended Complaint.  ECF No. 11.  Plaintiff's

original complaint (ECF No. 7) was previously reviewed and found to be deficient.  The Court

ordered Plaintiff to show cause why his complaint should not be dismissed.  ECF No. 10.

Plaintiff filed the Amended Complaint in response.  ECF No. 11.  For the reasons set forth

below, the Court finds the Amended Complaint to be deficient.  However, Plaintiff shall be given

one more opportunity to show cause or amend his complaint before the Court will recommend

dismissal of this action for failure to state a claim.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint

are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the

face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. §

1983, a complaint must allege: (i) the conduct complained of was committed by a person acting

under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity

secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535,

101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474

U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if

both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

In his original complaint, Plaintiff purported to sue the Washington Department of

Corrections, Clallam Bay Corrections Center, Thurston County Superior Court, Thurston County

Clerks' Office, Thurston County Office of Assigned Counsel, Betty J. Gould, Robert Jimmerson,

John Tunheim, Dan Pacholke, and the Thurston County Prosecutors' Office as Defendants.  ECF

ORDER TO AMEND OR SHOW CAUSE- 2

No. 7.  Plaintiff, who is presently incarcerated at the Washington State Penitentiary, brings this action in connection with his earlier incarceration, served at the Clallam Bay Corrections Center from February 2010 to February 18, 2011, pursuant to a judgment and sentence for taking a motor vehicle without permission.  *Id.*, at 4.  He alleges that he moved to amend his judgment and sentence after discovery that a mistake had been made in calculating his criminal history.  His motion was granted, his release date dramatically reduced, and his release date was set for September 21, 2010.  However, he received no notice of the judgment until February 27, 2011.  Although he requested a copy, the Clerk refused to provide him with a copy of the revised judgment unless he paid for a copy.  He alleges that he was not released from Clallam Bay Corrections Center until February 18, 2011, 150 days after the new release date.  *Id.*

Plaintiff was advised that he had not named proper defendants who had knowledge of his concern that his sentence had been miscalculated.  ECF No. 9, p. 4.

In his Amended Complaint, Plaintiff alleges that Robert Jimmerson, his assigned counsel, improperly calculated Plaintiff's criminal history.  He alleges that between April and September, 2010, Betty J. Gould, the Thurston County Superior Court Clerk, failed to mail to Plaintiff a copy of the modified judgment and sentence until he first paid for a copy and that this resulted in his continued imprisonment from September 21, 2010 until February 18, 2011.  He claims that he did not receive a copy of the Amended Judgment and Sentence until February 17, 2011.  He alleges that Thurston County Superior Court Judge Gary Tabor failed to respond to his letters and failed to order that a copy of the modified judgment and sentence be forwarded to the Department of Corrections (DOC).  He alleges that Jon Tunheim, a Thurston County prosecutor, negligently sentenced Plaintiff to 22 months when the actual sentence guidelines called for 12 months.  ECF No. 11, pp. 2-3.  Plaintiff requests monetary damages of $75,000.00 per defendant

ORDER TO AMEND OR SHOW CAUSE- 3

to the limit of $300,000.00 calculated at $1,500.00 per day and monetary damages of $5 million for "emotional trauma, physical duress and mental stress. *Id.*, p. 4.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. As Plaintiff was previously advised, whether he suffered a constitutional deprivation by being incarcerated beyond the termination of his sentence is critical to the Court's determination of whether state defendants are liable under § 1983. Liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment. If the state lost its power to hold plaintiff after the modified judgment was entered, any continued detention deprived him of his rightful liberty. *See McNeil v. Director, Patuxent Institution,* 407 U.S. 245, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972). In addition, a continued detention, which is the result of deliberate indifference by records officers, constitutes cruel and unusual punishment under the Eighth Amendment. *Haygood v. Younger,* 769 F.2d 1350, 1359 (9th Cir. 1985) (*en banc*). See also *Sample v. Diecks,* 885 F.2d 1099 (3d Cir. 1989) (holding that a senior records officer acted with deliberate indifference to the known risk that the plaintiff was being subjected to cruel and unusual punishment in violation of the Eighth Amendment). In *Sample,* the Third Circuit outlined the elements of a § 1983 claim in this context:

> [A] plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

885 F.2d at 1110.

ORDER TO AMEND OR SHOW CAUSE- 4

1    In *Haygood*, the Ninth Circuit Court of Appeals held "[p]rison officials who are under a

2    duty to investigate claims of computational error in the calculation of prison sentences may be

3    liable for the failure to do so when a reasonable request is made." A failure to investigate, then,

4    could provide evidence of the prison officials' state of mind.  *Haygood,* 769 F.2d at 1359.

5    Although Plaintiff responded to that portion of the Court's Order to Show Cause relating

6    to the naming of particular officials who allegedly violated his constitutional rights, his

7    complaint would still remain deficient because the parties he names would be entitled to

8    immunity from damages.

9    Judges are absolutely immune from liability for damages in civil rights suits for judicial

10   acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356

11   (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v.*

12   *Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).   A state public defender

13   performing traditional lawyer functions is not a state actor.  See, e.g., *French v. Carlson,* 368

14   Fed.Appx. 839 (9th Cir. 2010).   Prosecuting attorneys who act within the scope of their duties

15   are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v.*

16   *Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th

17   Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of

18   the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at

19   431).  This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam*

20   *v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent,

21   *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736,

22   546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

ORDER TO AMEND OR SHOW CAUSE- 5

Several cases have also extended immunity to court clerks.  See *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996) (clerk of court can be entitled to absolute immunity for quasi-judicial functions); *Mullis v. U.S. Bankr.Court of Nev*., 828 F.2d 1385, 1390 (9th Cir.1987) (clerks are entitled to immunity when they perform tasks that are an integral part of the judicial process); *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir.1997) (clerk of court is entitled to absolute immunity in certain cases).

The established law provides that record officers and prison officials may be held accountable and liable for setting inaccurate release dates.  Here, however, Plaintiff purports to sue the prosecutor and assigned counsel for incorrectly calculating his criminal history and the judge and court clerk for failing to mail the modified judgment to him (because he failed to pay the copy costs for the document) or to the DOC.  Besides being immune from such complaints, these individuals are not responsible for holding Plaintiff beyond his calculated sentence. However, Plaintiff has not alleged any specific facts regarding any attempts on his part to communicate with prison officials nor does he describe any prison official's role with respect to the re-calculation of his sentence.  He has not named any prison official and does not allege that he made a reasonable request that prison officials review his sentence.  He does not allege that he submitted a written request to the Warden or filed any type of formal grievance.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **December 7, 2012.**  If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.  The amended complaint must set forth all of Plaintiff's

ORDER TO AMEND OR SHOW CAUSE- 6

factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual

allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the

alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint shall operate as a complete substitute to the present complaint.

Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff

files an amended complaint, the original pleading or pleadings will no longer serve any function

in this case.

Plaintiff shall present his complaint on the form provided by the Court.  The amended

complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a

copy, it may not incorporate any part of the original complaint by reference, and it must be

clearly labeled the "Amended Complaint" and must contain the same cause number as this case.

Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation

pages as needed but may not attach a separate document that purports to be his amended

complaint.  **Plaintiff is advised that he should make a short and plain statement of claims**

**against the defendants.  He may do so by listing his complaints in separately numbered**

**paragraphs.  He should include facts explaining how each defendant was involved in the**

**denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual

allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will

ORDER TO AMEND OR SHOW CAUSE- 7

not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **December 7, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

DATED this  13th  day of November, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8